**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| ALAN BRAY, : | |
| : | Case No. 2:14-CV-255 |
| Plaintiff, : | |
| : | JUDGE ALGENON L. MARBLEY |
| vs. : | |
| : | Magistrate Judge Abel |
| OHIO DEPARTMENT OF NATURAL : | |
| RESOURCES, *et al.*, : | |
| : | |
| Defendants. : | |

**OPINION & ORDER**

**I. INTRODUCTION**

This matter is before the Court on all defendants' ("Defendants") Motion to Dismiss for lack of jurisdiction and for failure to state a claim. (Doc. 9). Alan Bray ("Plaintiff") sues Defendants for: (1) malicious prosecution under the Fourth Amendment; and (2) infringement of his due process rights under the Fifth and Fourteenth Amendments. (Doc. 2; Doc. 14 at 1). He makes these constitutional claims under 42 U.S.C. § 1983. For the following reasons, Defendants' motion to dismiss is GRANTED in part and DENIED in part.

**II. BACKGROUND**

The following facts are taken from Plaintiffs Complaint (Doc. 2). Plaintiff is a resident of Ohio. The Department of Natural Resources ("ODNR") is an agency of the state of Ohio. The Division of Forestry ("DOF") is a section of the ODNR. Defendant Robert Boyle ("Boyle") is a District Manager for the DOF. Defendant Nathan Jester ("Jester") is an Assistant District Forest Manager for the DOF. Defendant Greg Guess ("Guess") is a Forestry Program Administrator for the DOF. Defendants Josh Deemer ("Deemer") and Richard Lusk ("Lusk") are Forest Officers for the ODNR.

Plaintiff entered into a contract with the DOF in April 2010. Plaintiff agreed to pay the DOF to use six portions of the Shawnee State Forest for his logging operations. Plaintiff successfully completed logging four of the portions of the Forest, but was halted in September 2010 by a criminal investigation of his logging activities. Plaintiff alleges that "Defendants caused or participated in the institution of the criminal proceedings" even though they did not have probable cause to believe that Plaintiff committed any crime. (Doc. 2 at ¶ 16). In response to the criminal investigation, the DOF repudiated their contract, and all Defendants "caused or participated in" the seizure of logs Plaintiff had harvested both under the contract and unrelated to the contract. (*Id.* at ¶ 7). Plaintiff alleges that Defendants "created false and misleading reports and created documents and photographs [that] they knew, or should have known, to be inaccurate and misleading in the extreme." (*Id.* at ¶ 9). Plaintiff alleges that Defendants created the falsified evidence to justify the seizure of Plaintiff's property.

Plaintiff was indicted for grand theft of property from Shawnee State Forest in June 2011. Plaintiff's arraignment was in July 2011, and he was released on a $30,000 bond. Plaintiff was subjected to conditions of his release, including: (1) he be under curfew from 11:00 p.m. until 5:00 a.m.; (2) he could be subject to random drug testing at any time; (3) he undergo required drug testing before any hearing; (4) inability to change address without permission from the court; (5) requirement to report all narcotic and opiate prescriptions to probation before filling the prescriptions; (6) inability to enter any forest owned or operated by the State of Ohio; and (7) inability to leave Ohio without permission of the court. (*Id.* at ¶ 11). Plaintiff was found not guilty by a jury on March 16, 2012. Plaintiff filed this complaint on March 17, 2014.

### III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows for a case to be dismissed for "failure to state a claim upon which relief can be granted." Such a motion "is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations." *Golden v. City of Columbus*, 404 F.3d 950, 958–59 (6th Cir.2005). Thus, a court must construe the complaint in the light most favorable to the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir.2008). But a court is not required to accept as true mere legal conclusions unsupported by factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). Although liberal, Rule 12(b)(6) requires more than bare assertions of legal conclusions. *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir.1993) (citation omitted). Generally, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The complaint must "give the defendant fair notice of what the claim is, and the grounds upon which it rests." *Nader v. Blackwell*, 545 F.3d 459, 470 (6th Cir.2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). In short, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

A federal district court's basis for subject matter jurisdiction over a dispute may be challenged by filing a motion under Federal Rules of Civil Procedure 12(b)(1). *See Rogers v. Stratton Indus.*, 798 F.2d 913, 915 (6th Cir. 1986). Subject matter jurisdiction may be challenged at any time by any party, and the court itself may dismiss a case where it decides that it lacks subject matter jurisdiction. *Ogle v. Church of God*, 153 F. App'x 371, 374 (6th Cir. 2005) ("The existence of subject matter jurisdiction may be raised at any time, by any party, or

even *sua sponte* by the court itself."). The party invoking federal subject matter jurisdiction bears the burden of proving the existence of subject matter jurisdiction in the case. *Id.* at 375.

## IV. LAW AND ANALYSIS

### A. Subject Matter Jurisdiction

Defendants argue that the Eleventh Amendment renders state agencies immune from suit in a federal court when a private citizen brings the claim. Plaintiff concedes that the Eleventh Amendment forecloses his claims against the DOF. On this point, the parties agree, and this Court **GRANTS** Defendants' motion to dismiss the DOF for lack of subject matter jurisdiction.

Defendants also argue that the Eleventh Amendment bars claims for money damages against state officials in their official capacity. Plaintiff clarifies that he only asserts claims against the remaining defendants in their individual capacities. The Eleventh Amendment does not bar a court from considering claims against officials in their individual capacity. *Henry v. Metro. Sewer Dist.*, 922 F.2d 332, 338 (6th Cir. 1990) (citing *Scheuer v. Rhodes,* 416 U.S. 232, 237–38, 94 S.Ct. 1683, 1686–87, 40 L.Ed.2d 90 (1974)) (holding that the dismissal of some claims because of the Eleventh Amendment "does not divest the district court of jurisdiction over individual capacity claims"). The Court **DENIES** Defendants' motion to dismiss remaining defendants for lack of subject matter jurisdiction because Plaintiff proceeds against Defendants in only their individual capacity.

### B. Statute of Limitations

Defendants argue that Plaintiff's claims are barred by the two-year statute of limitations, stating that the cause of action accrued when Plaintiff's property was seized in September 2010, and Plaintiff filed his complaint in March 2014. Plaintiff argues that the cause of action for malicious prosecution only accrues when the prosecution is resolved in favor of the claimant,

and Plaintiff brought the claim within the two year limitations period.  The Court finds that Plaintiff's malicious prosecution claim is not barred by the statute of limitations but that all other claims are barred.

In Ohio, a plaintiff must bring his or her § 1983 claims within two years after they accrue.  *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989) (en banc); *Nader v. Blackwell*, 545 F.3d 459, 472 fn. 6 (6th Cir. 2008).  A § 1983 claim accrues when the event takes place "that should have alerted the typical lay person to protect his or her rights." *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 856 (6th Cir. 2003) (citing *Dixon v. Anderson,* 928 F.2d 212, 215 (6th Cir.1991)).  But an exception exists for malicious prosecution claims.  A cause of action for malicious prosecution does not accrue until "criminal proceedings have terminated in the plaintiff's favor."  *Heck v. Humphrey*, 512 U.S. 477, 489-90, 114 S. Ct. 2364, 2374, 129 L. Ed. 2d 383 (1994).

In this case, Plaintiff sues Defendants for malicious prosecution and infringement of his due process rights.  Plaintiff's malicious prosecution cause of action accrued the date that Plaintiff was found not guilty, which was March 16, 2012.  Plaintiff filed this complaint on March 17, 2014.  This filing did not violate the two-year statute of limitations because March 16, 2014 was a Sunday.  Plaintiff filed the complaint on the following business day; thus, his claim for malicious prosecution is not barred by the statute of limitations.  On the other hand, Plaintiff's due process cause of action accrued earlier.  That injury accrued on the date that Plaintiff's logs were seized and the criminal investigation began against Plaintiff in September 2010.[1]  The statute of limitations for that action ran in September, 2012.  Since Plaintiff did not file his complaint for violation of his due process rights until March 2014, his claim is barred.

---

[1] Even if this Court found that the injury accrued in July 2011, when Plaintiff was released on bond and with conditions of release, the statute of limitations still bars Plaintiff from bringing his due process claims in March 2014.

This Court, therefore, **DISMISSES** all of Plaintiff's claims except for his malicious prosecution claim, which survives the statute of limitations challenge.

### C. Sufficiency of Pleading

Defendants argue that Plaintiffs claim should be dismissed because it does not sufficiently plead facts that are attributable to individual defendants.[2] Plaintiff argues that his claim states a plausible claim for malicious prosecution, which is the only burden at this point in the proceedings. Plaintiff contends that he alleged facts to support every element of a malicious prosecution claim. The Court agrees.

A plaintiff must plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). For a malicious prosecution claim under § 1983, a plaintiff must prove:

(1) "a criminal prosecution was initiated against the plaintiff and that the defendant made, influenced, or participated in the decision to prosecute";

(2) "lack of probable cause for the criminal prosecution

(3) "as a consequence of a legal proceeding, the plaintiff suffered a deprivation of liberty, as understood in our Fourth Amendment jurisprudence, apart from the initial seizure"; and

(4) "the criminal proceeding must have been resolved in the plaintiff's favor."

*Sykes v. Anderson*, 625 F.3d 294, 308-09 (6th Cir. 2010) (citations omitted).

In the Sixth Circuit, it is unsettled whether pretrial conditions of release without confinement are seizures for purposes of the Fourth Amendment. The Supreme Court addressed the question and did not issue a majority opinion. *Albright v. Oliver*, 510 U.S. 266, 114 S. Ct.

---

[2] Defendant cites *Petty* for the proposition that an officer cannot be held liable when a plaintiff does not show that the official was directly involved in the injury. (Doc. 15 at 3). But that case involved a motion for summary judgment. *Petty v. Cnty. of Franklin, Ohio*, 478 F.3d 341, 349 (6th Cir. 2007). At the motion to dismiss stage, a plaintiff has not had the opportunity for full discovery, which a plaintiff would have had at the motion for summary judgment stage. So *Petty* is not instructive *sub judice*.

807, 127 L. Ed. 2d 114 (1994). In that opinion, Justices Ginsburg issued a concurring opinion, which Justice Scalia also signed, stating that a defendant is still "seized" when released from pretrial confinement because of the conditions of his or her release. *See id.* at 279. The Sixth Circuit has not yet taken a position on the issue. See *Johnson v. City of Cincinnati,* 310 F.3d 484, 492 (6th Cir.2002); *Parker v. Robertson*, 2014 WL 3749438, at *5 (M.D. Tenn. July 30, 2014). But the Sixth Circuit acknowledged Justice Ginsburg's opinion in *Albright* and characterized it as the "continuing seizure" doctrine. *Fisher v. Dodson*, 451 F. App'x 500, 502 (6th Cir. 2011). Furthermore, the Second, Third, and Fifth Circuits have found that pretrial conditions of release are seizures for purposes of the Fourth Amendment. *See Gallo v. City of Philadelphia*, 161 F.3d 217, 219, 225 (3d Cir. 1998) (where the plaintiff had been released on a $10,000 bond and plaintiff's two conditions of release were a prohibition on travel outside of the state and required weekly contact with pretrial services); *Evans v. Ball*, 168 F.3d 856, 861 (5th Cir. 1999) (where the plaintiff was subject to "summons to appear in court, coupled with the requirements that he obtain permission before leaving the state, report regularly to pretrial services, sign a personal recognizance bond, and provide federal officers with financial and identifying information"); *Murphy v. Lynn*, 118 F.3d 938, 946 (2d Cir. 1997) (where the plaintiff was restricted from travel outside of the state and required to make periodic court appearances).

In his complaint, Plaintiff alleges that Defendants, under color or law, "organized and supervised an effort to gather evidence to support the peremptory actions they undertook [when seizing Plaintiff's logs]." (Doc. 2 at ¶ 9). Plaintiff further avers that Defendants "created false and misleading reports and created documents and photographs [that] they knew, or should have known, to be inaccurate and misleading in the extreme." (*Id.*). These allegations satisfy the first element of a malicious prosecution claim because, if they falsified evidence, Defendants

7

influenced the decision to prosecute.  Plaintiff also alleges that Defendants "had no probable cause to believe that the Plaintiff had committed the crime, apart from those facts they had fabricated."  (*Id.* at ¶ 16).  This allegation satisfies the second required element for the claim because it alleges that there was not probable cause to move forward with the prosecution. Plaintiff alleges that he was released on a $30,000 bond and subjected to the further conditions that:  (1) he be under curfew from 11:00 p.m. until 5:00 a.m.; (2) he could be subject to random drug testing at any time; (3) he undergo required drug testing before any hearing; (4) he could not change address without permission from the court; (5) he be required to report all narcotic and opiate prescriptions to probation before filling the prescriptions; (6) he could not enter any forest owned or operated by the State of Ohio; and (7) he could not leave Ohio without permission of the court.  (*Id.* at ¶ 11).

      This Court determines that the considerable conditions of release qualify as a seizure for the same reasons Justice Ginsburg articulated in *Albright*.  Even though Plaintiff was not subjected to incarceration before his trial, he was forced to pay a substantial bond and report to all hearings.  Furthermore, he was required to arrive to all hearings early and undergo a drug test. Even his medications and movements within the state of Ohio were limited by the court.  "[S]uch a defendant is scarcely at liberty; he remains apprehended, arrested in his movements."  *Albright* at 279.  By articulating the strict conditions for release, Plaintiff satisfies the third element of a malicious prosecution claim.  Plaintiff also pleads that he was found not guilty of all charges by a jury. (Doc. 2 at ¶ 12).  This allegation satisfies the fourth and final element of a malicious prosecution claim.  For the foregoing reasons, Defendants' motion to dismiss for failure sufficiently to plead the malicious prosecution claim is **DENIED**.

**D. Qualified Immunity**

Defendants allege that they are entitled to qualified immunity because Plaintiff did not suggest that Defendants violated a clearly established right or that Defendants acted unreasonably. Plaintiff responds that Defendants violated Plaintiff's clearly established right to be free from prosecution based on fabricated evidence. The Court agrees.

A court must consider three questions when engaging in a qualified immunity analysis:

(i) whether, based upon the applicable law, the facts viewed in the light most favorable to the plaintiffs show that a constitutional violation has occurred;

(ii) whether the violation involved a clearly established constitutional right of which a reasonable person would have known; and

(iii) whether the plaintiff has offered sufficient evidence to indicate that what the official allegedly did was objectively unreasonable in light of the clearly established constitutional rights.

*Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 302 (6th Cir. 2005) (internal quotations omitted) (quoting *Feathers v. Aey,* 319 F.3d 843, 848 (6th Cir.2003)). "Qualified immunity must be granted if the plaintiff cannot establish each of these elements." *Radvansky*, 395 F.3d at 302 (citing *Williams ex rel. Allen v. Cambridge Bd. of Educ.,* 370 F.3d 630, 636 (6th Cir.2004)).

"The Sixth Circuit has held that 'a person's constitutional rights are violated when evidence is knowingly fabricated and a reasonable likelihood exists that the false evidence would have affected the decision of the jury.' " *Webb v. Lucas*, 2013 WL 1303776, at *19 (N.D. Ohio Mar. 28, 2013) (quoting *Gregory v. City of Louisville,* 444 F.3d 725, 737 (6th Cir.2006)). Furthermore, "the right to be free from the fabrication of evidence, falsifying documents, and malicious prosecution is clearly established." *Molina v. City of Lancaster*, 159 F. Supp. 2d 813, 820 (E.D. Pa. 2001) (citing *Orsatti v. New Jersey State Police,* 71 F.3d 480, 484 (3d Cir.1995)). "[A] reasonable police officer would know that fabricating probable cause, thereby effectuating a

9

seizure, would violate a suspect's clearly established Fourth Amendment right to be free from unreasonable seizures." *Spurlock v. Satterfield* 167 F.3d 995, 1006 (6th Cir.1999).  Indeed, "a police officer who manufactures false evidence against a criminal defendant violates due process if that evidence is later used to deprive the defendant of her liberty in some way." *Whitlock v. Brueggemann*, 682 F.3d 567, 580 (7th Cir. 2012).

Plaintiff alleges that the Defendants falsified evidence against him, which led to his indictment, arraignment, and pretrial conditions of release.  (Doc. 2 at ¶¶ 10-11).  Plaintiff also alleged that Defendants had no cause to believe that Plaintiff committed a crime except for the evidence that they fabricated.  (*Id.* at ¶ 16).  That allegation demonstrates that the fabricated evidence would have affected the jury's decision, so Plaintiff has satisfied the first element in overcoming Defendants' assertion of qualified immunity.  A reasonable person, especially a reasonable state official, would have known that the fabrication of evidence would have violated Plaintiff's rights, so the second element is satisfied.  Plaintiff alleges that Defendants created falsified evidence in order to justify their seizure of Plaintiff's logs.  (*Id.* at ¶ 9).  That assertion fulfills the final requirement to overcome a qualified immunity defense because its truth would demonstrate that the Defendants were objectively unreasonable.  Defendants' motion to dismiss for qualified immunity is **DENIED**.

## V. CONCLUSION

For the foregoing reasons, this Court **GRANTS** defendant DOF's Motion to Dismiss for Lack of Subject Matter Jurisdiction.  The Court **GRANTS** remaining defendants' motion to dismiss all claims other than malicious prosecution because they are barred by the statute of

limitations.  But the Court **DENIES** remaining defendants' motion to dismiss Plaintiff's malicious prosecution claim.

    **IT IS SO ORDERED.**

                                                      s/ Algenon L. Marbley
                                        **ALGENON L. MARBLEY**
                                        **UNITED STATES DISTRICT JUDGE**

**DATED: March 18, 2015**